Sconiers and Whalen, JJ.
(dissenting). We respectfully dissent because we cannot agree with the majority’s conclusion that Kowalski v St. Francis Hosp. & Health Ctrs. (21 NY3d 480, 484-485 [2013]) compels the award of partial summary judgment dismissing the first of cause of action, for negligence, under the circumstances of this case. Rather, we would conclude that Supreme Court properly denied defendant’s motion for partial summary judgment seeking dismissal of the first cause of action.
In Kowalski, the Court of Appeals held that defendants did not have a duty to prevent the plaintiff from leaving the defendant hospital’s emergency room because Mental Hygiene Law § 22.09 prohibits the involuntary retention of people who come *1304 in voluntarily (see id. at 485-486), and “there can be no duty to do that which the law forbids” (id. at 486). Here, however, Frederick Ingutti (plaintiff) had been admitted to the hospital and was no longer in the emergency room, thus rendering Mental Hygiene Law § 22.09 inapplicable (see 14 NYCRR 304.3 [c]). Notably, the Court in Kowalski limited its holding to “the facts of this case” (at 483).
Contrary to the view of the majority, we conclude that, because plaintiff was admitted to the hospital, defendant had the duty “to exercise reasonable care and diligence in safeguarding [plaintiff], measured by the capacity of [plaintiff] to provide for his own safety” (Horton v Niagara Falls Mem. Med. Ctr., 51 AD2d 152, 154 [1976], lv denied 39 NY2d 709 [1976]; see Papa v Brunswick Gen. Hosp., 132 AD2d 601, 603 [1987]). We conclude that there are issues of fact whether defendant failed to meet that duty. Plaintiff was admitted to the hospital for acute pancreatitis, acute alcohol intoxication, alcohol withdrawal, and delirium tremors (DTs). Plaintiffs wife informed the hospital staff that plaintiff had a history of altered mental status during withdrawal. Indeed, during a stay at the same hospital a year and a half earlier, plaintiff similarly experienced DTs and severe confusion. As a result of his present condition, plaintiffs wife thought that plaintiff might attempt to discharge himself and leave the facility. Plaintiffs wife therefore requested that hospital staff contact her if plaintiff tried to leave, and a nurse manager assured her that she would watch plaintiff and indicate on his chart that he was an escape risk. Although plaintiff filled out a release indicating that he was leaving the hospital against medical advice at 11:00 p.m. on February 6, 2007, he wrote the date as “5-07” and the time as 2:00 p.m., thereby suggesting that he did not know the date or time of day. In addition there was a notation in plaintiffs medical chart that he was “confused with direction.” In light of those facts, we cannot conclude that defendant met its burden of establishing that it was not negligent as a matter of law when it failed to prevent plaintiff from leaving the hospital and failed to ensure plaintiffs safety when he left the hospital. Present — Centra, J.P, Peradotto, Carni, Sconiers and Whalen, JJ.